## WHITEHEAD et al. v. HOLMES et al.

No. 18258. Opinion Filed Jan. 29, 1929.

J. E. Whitehead, for plaintiffs in error.

Potterf, Gray & Poindexter and McQueen & Kidd, for defendants in error.

LESTER, V. C. J. Edward R. Holmes et al. brought suit against Julia Whitehead et al., to foreclose a certain real estate mortgage.

The only material question raised on appeal is the sufficiency of the service upon the defendants. An examination of the record, together with the briefs submitted thereon, shows that the affidavit for service by publication, and the publication had thereon, fully complied with the statutes relating thereto, save and except as to the Pacific Royalty Company, a corporation, and M. S. Grant & Company, a corporation.

Section 250, C. O. S. 1921, provides, in part, service by publication under certain

classes of cases, among them being where a foreign corporation has property in the state or debts owing them or, "wherein the plaintiff upon diligent inquiry, is unable to ascertain whether a corporation, domestic or foreign, named as defendant, continues to have legal existence or not, or has officers or not, or their names and whereabouts, and if dissolved, is unable to ascertain the names or whereabouts of the successors, trustees or assigns, if any, of such corporation."

We think that as to the defendants, the Pacific Royalty Company and M. S. Grant & Company, corporations, the motion to quash services thereon should have been sustained.

The defendants on appeal filed the following answer:

"Separate Answer of Defendants, Julia Whitehead, the Pacific Royalty Company, M. S. Grant & Company, a Corporation.

"Now comes the defendants, Julia Whitehead, the Pacific Royalty Company, M. S. Grant & Company, a corporation, and for their answer in this action state that they now appear specially for the purposes of the matters set forth in this answer and not for the purpose of making general appearance in this cause and they appear solely for the purposes of jurisdiction and without submitting to the jurisdiction of this court over their persons now alleges and states that there has been no summons served upon them in this cause or upon either of them. That there has been filed no proper affidavit for summons by publication and that no legal notice or summons by publication has been served upon them or either of them, that same has not been published or mailed as required by law and that this court has failed to acquire jurisdiction over these defendants or either of them.

"Wherefore, these defendants now appearing solely for the purpose of answering upon jurisdictional questions and without submitting to the jurisdiction of this court over their persons they pray that the plaintiff take nothing by their petition for want of jurisdiction in this court over the persons of these defendants, and each of them."

The defendants in their third assignment of error stated:

"That the said court erred upon November 4, 1926, in entering judgment upon the pleadings in said cause and in entering judgment therein, when plaintiffs in error, Julia Whitehead, Pacific Royalty Company, and M. S. Grant & Company, had an answer on file setting up a valid, full, and complete defense to said action, and which said answer pleaded facts upon which issue of facts the plaintiffs in error were entitled to trial by jury."

We think, under the answer so filed, that the defendants were not entitled to a trial by jury. Judgment of the district court is set aside as to the defendants M. S. Grant & Company and the Pacific Royalty Company, corporations, but is affirmed as to the rest of the defendants.

HUNT, CLARK, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur.

Note.—See "Appearances," 4 C. J. §68, p. 1370, n. 1; "Corporations," 14a C. J. §2916, p. 809, n. 25; §4144, p. 1418, n. 54.